IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | 3:CR-09-272 |
| | : | (Kosik, J.) |
| | : | (Electronically Filed) |
| MICHAEL T. CONAHAN, and | : | |
| MARK A. CIAVARELLA, JR. | : | |
| | : | |
| Defendants | : | |

**BRIEF IN SUPPORT OF MOTION OF DEFENDANT,
MICHAEL T. CONAHAN, FOR HEARING ON THE
AUTHENTICITY AND AUDIBILITY OF AUDIO
RECORDINGS, ACCURACY OF TRANSCRIPTS AND
THE DELETION OF IMPERTINENT AND PREJUDICIAL MATERIAL**

Pursuant to L.R. 7.5, the Defendant, Michael T. Conahan, by and through his undersigned counsel, hereby submits this brief in support of his *Motion for a Hearing on the Authenticity and Audibility of Audio Recordings, Accuracy of Transcripts and the Deletion of Impertinent and Prejudicial Material*. For the reasons stated herein, the Defendant respectfully requests that this Honorable Court order a pretrial hearing concerning certain audio recordings that the government

1

may intend to introduce into evidence at trial in the instant matter.

I. **PROCEDURAL HISTORY OF THE CASE AND STATEMENT OF FACTS.**

On September 9, 2009, a federal grand jury sitting in this District returned a 48-Count *Indictment* against the Defendants, charging them with violations of 18 U.S.C. § 1962(c) (Count 1), 18 U.S.C. § 1962 (d) (Count 2), 18 U.S.C. §§ 1343, 1346 (Counts 3-10), 18 U.S.C. § 1341, 1346 (Counts 11-14), 18 U.S.C. § 666 (a)(1)(B) (Counts 15-24), 18 U.S.C. §1956(h) (Count 25), 18 U.S.C. § 1956(a)(1)(B)(i) (Counts 26-30), 18 U.S.C. § 1951 (Counts 31-38), 18 U.S.C. § 371 (Counts 39), 18 U.S.C. § 7206 (Counts 40-47), 18 U.S.C. §§ 982, 1963 (Count 48). (*Doc. Entry* 1). Upon an unopposed motion of the Defendants, this Honorable Court extended the deadline within which to file pretrial motions to March 1, 2010. (*Doc. Entries* 30-33). In conformance therewith, the Defendant filed his *Motion for a Hearing on the Authenticity and Audibility of Audio Recordings, Accuracy of Transcripts and the Deletion of Impertinent and Prejudicial Material* on March 1, 2010. (*Doc. Entry* 71). This brief is being filed in support thereof pursuant to L.R. 7.5.

II. **STATEMENT OF QUESTION INVOLVED.**

Whether the District Court should grant Defendant's Motion and order a hearing concerning the same pursuant to *U.S. v. Starks*, 515 F.2d 112 (3rd Cir. 1975)?

## III. **ARGUMENT.**

When the government seeks to move a tape recording into evidence, it must establish a proper foundation by demonstrating the following seven (7) facts: "(1) that the recording device was capable of [taping] the conversation now offered into evidence; (2) that the operator of the device was competent to operate the device; (3) that the recording is authentic and correct; (4) that changes, additions, or deletions have not been made in the recording; (5) that the recording has been preserved in a manner that is shown to the court; (6) that the speakers are identified; and (7) that the conversation elicited was made voluntarily and in good faith, without any kind of inducement." *U.S. v. Starks*, 515 F.2d 112, 121 n.11 (3rd Cir. 1975)(quoting *U.S. v. McKeever*, 169 F.Supp. 426, 430 (S.D.N.Y. 1958)). According to the U.S. Court of Appeals for the Third Circuit, the burden is on the government "'to produce clear and convincing evidence of authenticity and accuracy as a foundation for the admission of [tape] recordings....'" *Id.* at 121 (quoting *U.S. v. Knohl*, 379 F.2d 427, 440 (2d Cir. 1967), cert. denied, 389 U.S. 973 (1967)).

Pursuant to Federal Rule of Evidence 901, the proponent of evidence, such as tape-recorded conversations, must be able to establish the authenticity of the tape and make an identification of the speaker's voice. *See*, Fed.R.Evid. 901 (a)

and (b) (5).  The government, when acting as the proponent of the evidence, must produce sufficient evidence to convince a reasonable jury, by a preponderance of the evidence, that the defendant is the speaker on the tape-recording in order for the evidence to be admissible at trial.  *See, U.S. v. Tubbs*, 1990 WL 27365 at 3 (E.D. Pa.); Fed.R.Evid. 901 (a); *see also, Huddleston v. U.S.*, 485 U.S. 681, 690 (1988).

The government has provided transcripts of certain recorded conversations involving the Defendant as well as audio recordings which formed the basis for certain transcripts that have been disclosed at this time. However, the government did not indicate which, if any, of the audio recordings and/or transcripts the prosecution intends to introduce as evidence at trial.  It is believed in good faith by the Defendant that the government intends to introduce said audio recording(s) at the time of trial, which contain impertinent and prejudicial material. It is also believed by the Defendant that the government intends to use a proposed transcript(s) of the conversation(s) contained on the above-referenced audio recording at trial in this matter. From the audio recordings disclosed thus far, it appears that the quality of the audio tapes is such that while portions of the conversation are audible, other portions are largely inaudible and unintelligible. Because of the poor quality of the audio recordings at certain points, counsel for the Defendant respectfully submits that counsel, and more importantly the trier of

fact, will be unable to determine the accuracy of the government's proposed transcript(s). Consequently, the Defendant respectfully requests a hearing pursuant to *U.S. v. Starks*, 515 F.2d 112 (3rd Cir. 1975).

## IV.     CONCLUSION.

Based upon the authority above-cited, the Defendant respectfully requests that his Motion be granted.

Respectfully submitted,

   */s/ Arthur T. Donato, Jr. Esquire*
ARTHUR T. DONATO
216 Front Street, 2nd Floor
Media, PA 19063
(610) 565-4747
(610) 892-9786 (Fax)
adonato@verizon.net


     */s/ Philip Gelso, Esquire*
PHILIP GELSO
Briechle & Gelso, LLC
63 Pierce Street
Kingston, PA 18704
(570) 763-0006
(570) 288-0243 (Fax)
philip.gelso@briechle-gelso.com

Dated:     March 15, 2010            Counsel for Michael T. Conahan

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | 3:CR-09-272 |
| | : | (Kosik, J.) |
| | : | (Electronically Filed) |
| MICHAEL T. CONAHAN, and | : | |
| MARK A. CIAVARELLA, JR. | : | |
| | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, Philip Gelso, do hereby certify that on March 15, 2010, I served a true and correct copy of the forgoing *Brief* to the following persons and in the manner indicated below.

SERVED BY ECF:

Gordon A.D. Zubrod, AUSA          William S. Houser, AUSA
Michael A. Consiglio, AUSA         Amy Phillips, AUSA
United States Attorney's Office    United States Attorney's Office
228 Walnut Street                  Federal Building - Room 309
Harrisburg, PA 18708               Scranton, PA  18501

                                                                       */s/ Philip Gelso, Esquire*
                                                                        PHILIP GELSO (PA 81934)
                                                                        Briechle & Gelso, LLC
                                                                        63 Pierce Street
                                                                        Kingston, PA 18704
                                                                        (570) 763-0006 | (570) 288-0243 (Fax)
                                                                        philip.gelso@briechle-gelso.com
Dated:        March 15, 2010          Counsel for Michael T. Conahan