UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 3:CR-09-272 |
| | ) | |
| v. | ) | |
| | ) | FILED |
| MICHAEL CONAHAN, | ) | SCRANTON |
| | ) | |
| Defendant. | ) | APR 29 2010 |

PER _____
DEPUTY CLERK

## PLEA AGREEMENT

The following plea agreement is entered into by and between the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant. Any reference to the United States or to the Government in this Agreement shall mean the office of the United States Attorney for the Middle District of Pennsylvania.

The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines which took effect on November 1, 1987, as amended and interpreted by United States v. Booker, 125 S. Ct. 738 (2005), will apply to the offenses to which the defendant is pleading guilty.

1. Plea of Guilty. The defendant agrees to plead guilty to Count 2 of the Indictment, which charges the defendant with a violation of Title 18, United States Code, Section 1962(d), Racketeering (RICO) conspiracy. The maximum penalty for the offense is imprisonment for a period of 20 years, a fine of $250,000, a maximum term of supervised release of up to 3 years,

1

to be determined by the court, which shall be served at the
conclusion of and in addition to any term of imprisonment, as
well as the costs of prosecution, imprisonment, probation, or
supervised release order, denial of certain federal benefits and
an assessment in the amount of $100.  At the time the guilty plea
is entered, the defendant shall admit to the Court that the
defendant is in fact guilty of the offense(s) charged in that
count.  The defendant further agrees that any legal and factual
issues relating to the application of the Federal Sentencing
Guidelines to the defendant's conduct, including facts that
support any specific offense characteristic or other enhancement
or adjustment and the appropriate sentence within the statutory
maximums provided for by law, will be determined by the court
after briefing, or a pre-sentence hearing, or at a sentencing
hearing. After sentencing, the United States will move for
dismissal of any remaining counts. The defendant agrees, however,
that the United States may at its sole election reinstate any
dismissed counts in the event that the charge(s) to which the
defendant has pleaded guilty pursuant to this agreement are
subsequently vacated or set aside by the district court or any
appellate court. The defendant further agrees to waive any
defenses to the reinstatement of these charges based upon,
laches, the assertion of speedy trial rights, any applicable
statute of limitations or any other grounds in the event that the

2

defendant successfully vacates or sets aside any conviction or sentence imposed pursuant to this plea agreement.

2. <u>Supervised Release</u>.  The defendant also understands that the Court must impose a term of supervised release following any sentence of imprisonment exceeding one (1) year, or when required by statute.  The Court may require a term of supervised release in any other case.  In addition, the defendant understands that as a condition of any term of supervised release or probation, the Court must order that the defendant cooperate in the collection of a DNA  sample if the collection of a sample is so authorized by law.

3. <u>Maximum Sentence</u>.  The defendant understands that the total, maximum possible sentence for all charges is the combination of penalties described above; that is 20 years in prison and/or fines totaling $250,000.00, a term of supervised release to be determined by the Court of up to three years, the costs of prosecution, denial of certain federal benefits and an assessment totaling $100.

4. <u>Fine</u>.  The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984.  The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement.  Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil

3

penalties pursuant to Title 18, United States Code, Section 3611, et seq.

5. <u>Alternative Fine</u>. The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if the District Court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the Court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

6. <u>Inmate Financial Responsibility Program</u>. If the Court awards a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary and apply those amounts on the defendant's behalf to the payment of the outstanding fine and restitution orders.

7. <u>Special Assessment</u>. The defendant understands that the Court will impose a special assessment of $100 pursuant to the provisions of Title 18, United States Code, Section 3013. No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment

directly to the Clerk, United States District Court Middle District of Pennsylvania. This check should be made payable to "Clerk, United States District Court". Counsel for the defendant shall provide a copy of the special assessment check or a Clerk's receipt to the United States Attorney's Office for the Middle District of Pennsylvania at the time of sentencing certifying compliance with this provision of the plea agreement. If the defendant intentionally fails to make this payment, pays with an insufficient funds check, or otherwise fails to comply with any of the requirements of the United States Attorney's Office's Financial Litigation Unit regarding the special assessment, it is understood that this failure may be treated as a breach of this plea agreement and may result in further prosecution or the filing of additional criminal charges, or a contempt citation.

8. <u>Financial Litigation Unit Investigation</u>.  The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney's Office's Financial Litigation Unit regarding the defendant's financial status. As part of this process, the defendant, whether represented by counsel or not, consents to contact by and communication with the Financial Litigation Unit, and regarding representation by undersigned counsel, the defendant and counsel consent to contact by and communication with the Financial Litigation Unit and agree to waive any prohibition against communication with a represented

party by the United States Attorney's Office regarding
defendant's financial status.  Pursuant to Title 18, United
States Code, Section 3664 (d)(3) the defendant also agrees to
complete the required financial affidavit, fully describing the
defendant's financial resources within 10 days of the guilty
plea. The defendant will submit the original affidavit, on forms
prescribed by the probation office, to the U.S. Probation Office
with a copy to the United States Attorney's office.

    9.   <u>No Further Prosecution</u>.  The United States Attorney's
Office for the Middle District of Pennsylvania agrees that it
will not bring any other criminal charges against the defendant
directly arising out of the defendant's involvement in the
offenses described above.

    10.   <u>Acceptance of Responsibility-Three Levels</u>.  Counsel for
the defendant has affirmatively indicated to the United States
Attorney's Office that the defendant not only wishes to plead
guilty, but will clearly demonstrate a recognition and
affirmative acceptance of responsibility as required by the
sentencing guidelines.  If the defendant can adequately
demonstrate this recognition and affirmative acceptance of
responsibility to the Government, the United States Attorney's
Office will recommend that the defendant receive a three-level
reduction in the defendant's offense level for acceptance of
responsibility.  The failure of the Court to find that the

defendant is entitled to a three-level reduction shall not be a basis to void this plea agreement.

11. <u>Appropriate Sentence Recommendation</u>.  At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense, and specifically reserves the right to recommend a sentence up to and including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution.

12. <u>Specific Sentencing Guidelines Recommendations</u>.  With respect to the application of the United States Sentencing Commission Sentencing Guidelines to the defendant's conduct, the parties agree to recommend as follows:

> (a) Each party reserves the right to make whatever arguments it deems appropriate with regard to application of the United States Sentencing Commission advisory guidelines to the defendant's conduct.

The defendant understands that recommendations of the parties are not binding upon either the court or the United States Probation Office, which may make different findings as to the application of the United States Sentencing Commission Sentencing Guidelines to the defendant's conduct.  The defendant further understands that the United States will provide the Court and the United States Probation Office all information in its possession which it deems relevant to the application of the United States Sentencing Commission Sentencing Guidelines to the

7

defendant's conduct.

13. <u>Special Conditions of Probation/Supervised Release</u>. If probation or a term of supervised release is ordered, the United States may recommend that the court impose one or more special conditions, including but not limited to the following:

> (a)   The defendant be prohibited from possessing a firearm or other dangerous weapon.

> (b)   The defendant make restitution, if applicable payment of which shall be in accordance with a schedule to be determined by the court.

> (c)   The defendant pay any fine imposed in accordance with a schedule to be determined by the court.

> (d)   The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation office unless the defendant is in compliance with the payment schedule.

> (e)   The defendant be directed to provide the probation office and the United States Attorney access to any requested financial information.

> (f)   The defendant be confined in a community treatment center, halfway house or similar facility.

> (g)   The defendant be placed under house detention.

> (h)   The defendant be ordered to perform community service.

> (i)   The defendant be restricted from working in certain types of occupation or with certain individuals, if the Government deems such restrictions to be appropriate.

(j)  The defendant be directed to attend substance abuse counseling which may include testing to determine whether the defendant is using drugs or alcohol.

(k)  The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the probation officer.

(l)  The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

(m)  The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

14.  Mandatory Restitution Act.  The defendant acknowledges that, pursuant to the Mandatory Restitution Act of April 24, 1996, Title 18, United States Code, Section 3663A, the Court is required in all instances to order full restitution to all victims for the losses those victims have suffered as a result of the defendant's conduct. With respect to the payment of this restitution, the defendant further agrees that, as part of the sentence in this matter, the defendant shall be responsible for making payment of this restitution in full, unless the defendant can demonstrate to the satisfaction of the court that the defendant's economic circumstances do not allow for the payment of full restitution in the foreseeable future, in which case an the defendant will be required to make partial restitution payments.  While the defendant reserves the right to contest the amount of restitution owed, the defendant agrees to take all

9

steps to facilitate collection of this restitution. Towards this goal, the defendant agrees to waive any further notice of forfeiture and agrees that the United States at its sole election may elect to pursue civil and/or criminal forfeiture in the amount of the victim restitution owed in this case, and the Court may enter, both a restitution order and a forfeiture judgment in the amount of any unpaid restitution found due and owing by the Court at the time of sentencing in this matter. The defendant consents to the filing of any civil complaint or superseding information which may be necessary to perfect a forfeiture order and  further stipulates and agrees that the defendant's guilty plea constitutes an admission to all matters legal and factual necessary for entry of a forfeiture order in this case .  The parties agree that any restitution payments obtained by the United States or the victim will be applied by the United States to reduce both the restitution obligation in this case and the amount of the outstanding forfeiture order entered by the Court. The parties further agree that the Government will recommend that any assets recovered through forfeiture proceedings will be remitted to crime victims to reduce the defendant's restitution obligation in this case. The defendant acknowledges that the making of any payments does not preclude the Government from using other assets or income of the defendant to satisfy the restitution obligations.

15.  <u>Background Information for Probation Office</u>.  The
defendant also understands that the United States will provide to
the United States Probation Office all information in its
possession which the United States deems relevant regarding the
defendant's background, character and involvement in this or
other offenses.

16.  <u>Objections to Pre-Sentence Report</u>.  The defendant
understands that pursuant to the United States District Court for
the Middle District of Pennsylvania "Policy for Guideline
Sentencing" both the United States and defendant must communicate
to the probation officer within fourteen (14) days after
disclosure of the pre-sentence report any objections they may
have as to material information, sentencing classifications,
sentencing guideline ranges and policy statements contained on or
omitted from the report.  The defendant agrees to meet with the
United States at least five (5) days prior to sentencing in a
good faith attempt to resolve any substantive differences.  If
any issues remain unresolved, they shall be communicated to the
probation officer for his inclusion on an addendum to the pre-
sentence report.  The defendant agrees that unresolved
substantive objections will be decided by the court after
briefing, or a pre-sentence hearing, or at the sentencing hearing
where the standard of proof will be a preponderance of the
evidence, and the Federal Rules of Evidence, other than with

respect to privileges, shall not apply under Fed. R. Evid.
1101(d)(3), and the court may consider any reliable evidence,
including hearsay.  Objections by the defendant to the pre-
sentence report or the Court's rulings, will not be grounds for
withdrawal of a plea of guilty.

17.  <u>Victims' Rights</u>.  The defendant understands that
pursuant to the Victim and Witness Protection Act, the Justice
for All Act, and the regulations promulgated under those Acts by
the Attorney General of the United States, crime victims have the
following rights:

> (a) The right to be reasonably protected from
> the accused.
>
> (b) The right to reasonable, accurate, and
> timely notice of any public court proceeding
> or any parole proceeding, involving the crime
> or of any release or escape of the accused.
>
> (c) The right not to be excluded from any
> such public court proceeding, unless the
> court, after receiving clear and convincing
> evidence determines that testimony by the
> victim would be materially altered if the
> victim heard other testimony at that
> proceeding.
>
> (d) The right to be reasonably heard at any
> public proceeding in the district court
> involving release, plea, sentencing, or any
> parole proceeding.  The defendant understands
> that the victim's comments and
> recommendations at any of these proceedings
> may be different than those of the parties to
> this agreement.
>
> (e) The reasonable right to confer with the
> attorney for the Government in the case.  The
> defendant understands that the victim's

opinions and recommendations given to the
attorney for the Government may be different
than those presented by the United States as
a consequence of this agreement.

(f) The right to full and timely restitution
as provided for by law.  The attorney for the
Government is required to "fully advocate the
rights of victims on the issue of restitution
unless such advocacy would unduly prolong or
complicate the sentencing proceeding," and
the Court is authorized to order restitution
by the defendant including, but not limited
to, restitution for property loss, economic
loss, personal injury, or death.

(g) The right to proceedings free from
unreasonable delay.

(h) The right to be treated with fairness and
with respect for the victim's dignity and
privacy.

18.  <u>Relevant Sentencing Information</u>.  At the sentencing,
the United States will be permitted to bring to the Court's
attention, and the Court will be permitted to consider, all
relevant information with respect to the defendant's background,
character and conduct including the conduct that is the subject
of the charges which the United States has agreed to dismiss.
The United States will be entitled to bring to the Court's
attention and the Court will be entitled to consider any failure
by the defendant to fulfill any obligation under this agreement.

19.  <u>Maximum Sentence</u>.  The defendant understands that the
Court is not a party to and is not bound by this agreement nor
any recommendations made by the parties.  Thus, the Court is free
to impose upon the defendant any sentence up to and including the

maximum sentence of imprisonment for 20 years, a fine of
$250,000.00, a maximum term of supervised release of up to 3
year, which shall be served at the conclusion of and in addition
to any term of imprisonment, the costs of prosecution, denial of
certain federal benefits and assessments totaling $100.

20.  <u>No Withdrawal of Plea Based on Sentence or
Recommendations</u>.  If the Court imposes a sentence with which the
defendant is dissatisfied, the defendant will not be permitted to
withdraw any guilty plea for that reason alone, nor will the
defendant be permitted to withdraw any pleas should the Court
decline to follow any recommendations by any of the parties to
this agreement.

21.  <u>Breach of Agreement</u>.  In the event the United States
believes the defendant has failed to fulfill any obligations
under this agreement, then the United States shall, in its
discretion, have the option of petitioning the Court to be
relieved of its obligations.  Whether or not the defendant has
completely fulfilled all of the obligations under this agreement
shall be determined by the Court in an appropriate proceeding at
which any disclosures and documents provided by the defendant
shall be admissible and at which the United States shall be
required to establish any breach by a preponderance of the
evidence.

22.  <u>Remedies for Breach</u>.  The defendant and the United

States agree that in the event the Court concludes that the
defendant has breached the agreement:

(a)  The defendant will not be permitted to
withdraw any guilty plea tendered under this
agreement and agrees not to petition for
withdrawal of any guilty plea;

(b)  The United States will be free to make
any recommendations to the Court regarding
sentencing in this case;

(c)  The United States will be free to bring
any other charges it has against the
defendant, including any charges originally
brought against the defendant or which may
have been under investigation at the time of
the plea. The defendant waives and hereby
agrees not to raise any defense to the
reinstatement of these charges based upon
collateral estoppel, Double Jeopardy or other
similar grounds.

23.  <u>No Civil Claims or Suits</u>.  The defendant agrees not to
pursue or initiate any civil claims or suits against the United
States of America, its agencies or employees, whether or not
presently known to the defendant, arising out of the
investigation and prosecution covered by this agreement,
including but not limited to any claims for attorneys' fees and
other litigation expenses arising out of the investigation and
prosecution of this matter. By the defendant's guilty plea in
this matter the defendant further acknowledges that the
government's position in this litigation was taken in good faith,
had a substantial basis in law and fact and was not vexatious.

24.  <u>Transfer of Case to IRS</u>.  The defendant agrees to

15

interpose no objection to the United States transferring evidence or providing information concerning the defendant and/or this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, law enforcement agencies and licensing and regulatory agencies.

25. Collection Action by IRS. Nothing in this agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties due from the defendant arising out of or related in any way to the offenses identified in this agreement.

26. Rule 6(e) Order for Transfer of Information to IRS. The defendant agrees to interpose no objections to the entry of an order under Fed.R.Crim.P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of the defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney or the Criminal Investigation Division of the Internal Revenue Service.

27. Cooperation with IRS. The defendant agrees to fully comply and cooperate with the Internal Revenue Service by using his best efforts to file all delinquent or amended tax returns and to pay taxes, interest and penalties due and owing by the date of the defendant's sentencing, and to timely file all future returns which may come due during the term of incarceration,

16

probation or supervised release. The defendant also agrees to
cooperate with the Internal Revenue Service by furnishing the
Internal Revenue Service with all information pertaining to the
defendant's assets and liabilities, as well as all documentation
in support of tax returns filed by the defendant during the term
of any sentence imposed pursuant to this guilty plea. The
defendant further agrees to pay all taxes, interests and
penalties due and owing to the United States and otherwise fully
comply with the tax laws of the United States. In the event the
defendant is unable to pay the total tax, interest and penalties
due by the date of sentencing, the defendant agrees to negotiate
in good faith with the IRS to establish a payment schedule or to
achieve a negotiated settlement.  The defendant understands, and
agrees, that this requirement of full compliance with federal tax
laws may be made a condition of any probation or supervised
release imposed in this case.

28.  Deportation.  The defendant understands that, if he is
not a United States citizen, deportation is a possible
consequence of his plea.

29.  Non-Limitation on Government's Response.  Nothing in
this agreement shall restrict or limit the nature or content of
the United States's motions or responses to any motions filed on
behalf of the defendant. Nor does this agreement in any way
restrict the government in responding to any request by the court

for briefing, argument or presentation of evidence regarding the
application of the Sentencing Guidelines to the defendant's
conduct, including but not limited to, requests for information
concerning possible sentencing departures.

30.  Disbarment.  Within 10 days of the acceptance of the
plea agreement by the Court, the defendant agrees to surrender
his license to practice law and to submit to disbarment upon
consent.  It is further understood and agreed that the future
status of any professional license held by the defendant,
including the defendant's license to practice law, is not
protected by this agreement and is a matter solely within the
discretion of the appropriate licensing authority.  The United
States may in its discretion provide to any such licensing
authority any documents and information in its possession.

31.  Agreement Not Binding on Other Agencies.  Nothing in
this agreement shall bind any other United States Attorney's
Office, state prosecutor's office or federal, state or local law
enforcement agency.

32.  Violation of Law While Plea or Sentence Pending.  The
defendant understands that it is a condition of this plea
agreement that the defendant refrain from any further violations
of state, local or federal law while awaiting plea and sentencing
under this agreement. The defendant acknowledges and agrees that
if the government receives information that the defendant has

18

committed new crimes while awaiting plea and /or sentencing in this case, the government may petition the Court and, if the Court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: A) withdraw from this agreement, or B) make any sentencing recommendations to the Court that it deems appropriate. The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this plea agreement, and the government will be permitted to bring any additional charges which it may have against the defendant.

33. <u>Plea Agreement Serves Ends of Justice</u>. The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

34. <u>Merger of All Prior Negotiations</u>.  This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to

19

this agreement, supersedes all prior understandings, if any,
whether written or oral, and cannot be modified other than in
writing that is signed by all parties or on the record in Court.
No other promises or inducements have been or will be made to the
defendant in connection with this case, nor have any predictions
or threats been made in connection with this plea. Pursuant to
Rule 11 of the Federal Rules of Criminal Procedure the defendant
certifies that the defendant's plea is knowing and voluntary, and
is not the result of force or threats or promises apart from
those promises set forth in this written plea agreement.

35. <u>Deadline for Acceptance of Plea Agreement</u>. The original
of this agreement must be signed by the defendant and defense
counsel and received by the United States Attorney's Office on or
before 5:00 p.m., April 28, 2010, otherwise the offer may, in the
sole discretion of the Government, be deemed withdrawn.

36. <u>Required Signatures</u>.  None of the terms of this
agreement shall be binding on the Office of the United States
Attorney for the Middle District of Pennsylvania until signed by

the defendant and defense counsel and until signed by the United

States Attorney.

### ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.


_____4/27/2010_____          _____M.V. Conaha_____
Date                         Michael Conahan
                             Defendant


I am the defendant's counsel.  I have carefully reviewed every part of this agreement with the defendant. To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.


4/27/10                      Arthur Donato /s/
Date                         Arthur Donato, Esq.
                             Counsel for Defendant


_____4/27/2010_____          _____
Date                         Philip Gelso, Esq.
                             Counsel for Defendant


4-29-10                      _____
Date                         Dennis C. Pfannenschmidt
                             United States Attorney

WSH
4/26/10
Post-Booker Plea Agreement 11/6/08
Revised 12/01/09