UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:09-CR-272 |
| v. | (Judge Kosik) |
| MICHAEL T. CONAHAN, and<br>MARK A. CIAVARELLA, JR., | FILED<br>SCRANTON |
| Defendants. | JUL 0 6 2010 |

## MEMORANDUM AND ORDER

We have before us a defense motion of Mark A. Ciavarella, Jr., defendant, to disqualify myself as judge pursuant to 28 U.S.C. § 455(a), after I was randomly assigned the case charging the defendant with various crimes. The defendant claims that my impartiality might reasonably be questioned because the court (1) rejected a conditional plea agreement with a binding sentence agreed to by the prosecutor and the defense, (2) relied on extra-judicial and ex-parte matters contained in the pre-sentence report of the probation officer, and (3) allegedly made extra-judicial statements to the media, which were published in an August 2, 2009 newspaper.

### BACKGROUND

On February 12, 2009, Defendant Ciavarella and a co-defendant appeared in court pursuant to a negotiated plea agreement, which required that they waive indictment by a grand jury. Count I of an information charged a felony, which would carry a penalty to include imprisonment for twenty years, as well as a substantial fine. Count II charged a general conspiracy to defraud the United States. Each defendant was to plead guilty and was to "clearly demonstrate a recognition and affirmative acceptance of responsibility." (No. 09-cr-28, Doc. 5 at 8.) Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the parties stipulated to a period of imprisonment of eighty-seven (87) months plus other punitive terms. They further

agreed that if the court failed to accept the agreement, then either party had the right to withdraw any guilty plea. The court explained to each defendant that under the Rule 11 plea, the court may accept, reject, or defer a decision until the court reviewed a pre-sentence report, which would also afford defendants the right to object to matters included in the pre-sentence report. The court conditionally accepted the guilty pleas. The defendants received the pre-sentence report on May 6, 2009. The court received its copy on July 24, 2009. Unlike his co-defendant, neither Ciavarella nor his counsel filed any objections to the pre-sentence report.[1]

After reviewing the report, the court filed a memorandum and order dated July 31, 2009 (No. 3:09-CR-28, Doc. 39), in which we rejected the conditional pleas of guilty and afforded the defendants an opportunity to withdraw their pleas of guilty, which was ultimately done. This was followed by a Memorandum and Order denying a motion for reconsideration on August 24, 2009. (No. 3:09-CR-28, Doc. 43.)

## DISCUSSION

### I.

The first assigned reason for the court to recuse itself is that the court's impartiality might reasonably be questioned as a result of its reliance on extra-judicial matters contained in the pre-sentence report, including the sentencing memorandum of the probation officer.

Rule 32 of the Federal Rules of Criminal Procedure, which addresses sentencing and judgment, provides that a pre-sentence report "must" contain a defendant's history and characteristics, including "any circumstances affecting the defendant's behavior that may be helpful in imposing sentence or in correctional treatment." In conjunction with this, Rule 1101(d) of the Federal Rules of Evidence provides that the evidentiary rules are inapplicable to numerous "miscellaneous" proceedings including sentencing. In Williams v. New York, 337

---

[1] We attach some significance to this because, as noted earlier, defendant is critical of our rejecting the conditional plea based on extra-judicial material in the pre-sentence report.

2

U.S. 241, 246, 251 (1949), the Supreme Court of the United States held that the aforesaid included extra-record information in the pre-sentence report even though a defendant had no opportunity to contest the accuracy of the report. Consistent with this is Federal Rule 32(e)(3), which provides that the probation officer's "recommendation on sentence" need not be disclosed to anyone. See M.D. Pa. Sentencing Standard Order No. 03-5.

The entire procedure employed by the court arose out of the conditional plea of guilty and was required as part of the plea agreement, which necessitated a review of the pre-sentence report. The defense now suggests some per se rule that in these circumstances, the judge who took the guilty plea—and necessarily reviewed the pre-sentence report—should recuse himself.[2] See United States v. Bunch, 730 F.2d 517, 519 (7th Cir. 1984). This very case rejected a per se rule of recusal based on the sentencing judge's exposure to the report. The Bunch court held that recusal was discretionary because the pre-sentence report was not provided to the judge before it was necessary. Id. at 519. This is not our case history. The case, by way of dicta, acknowledges that pre-sentence reports are documents without formal limitations for the reasons we have already stated. Id. at 518 n.2. Their contents may rest on hearsay and may contain information bearing no relevance to the crimes. Id. While these matters should not be revealed prematurely, such is not the case after a guilty plea; nor, where the matters and procedure are all a part of the terms in a plea agreement.

## II.

Next, the defense argues that my impartiality might reasonably be questioned because of extra-judicial statements that I allegedly made to the media. Although I cannot recall discussing the defendant with the media, I do not deny ever speaking with media persons, but never to

---

[2] In our case, the report was prepared after the defendant's conditional plea of guilty, the acceptance of which was grounded on a review of the pre-sentence report. The defense assertion would require recusal in every such case if the plea was rejected.

3

discuss any case or person charged. The court believes the following circumstances bear this out.

On July 1, 2009, the court took a guilty plea from Robert Powell, who had been identified as an associate of Defendant Ciavarella in the latter's charged criminal enterprises and who agreed to cooperate in the ongoing prosecutions. In those enterprises, the government claimed that Defendant Ciavarella and an associate judge both agreed to accept 2.8 million dollars as a finder's fee, related to the construction and operation of two private juvenile detention facilities. The defendant judges made commitments to bind a governmental entity to use the juvenile facilities to house juveniles, many of whom were allegedly committed under circumstances amounting to constitutional deprivations. Payments of the aforesaid fee or monies through Powell were made over an extended period during which those payments were directly made as part of a scheme to conceal their source and reasons for payment.

During the plea proceedings of Powell, the court questioned whether there was some underlying consideration for the payments which was part and parcel with the concealment of the payments. (No. 09-CR-189, Doc. 12.) Counsel for Powell responded that "there was no quid pro quo per se." There was a further clarification that Powell was merely a conduit for the finder's fee payments. The court offered, "although the government claims that the other defendant's participation exceeded those expectations; isn't that correct?" Government counsel responded, "Yes, sir." These inquiries were made because at the time of his plea of guilty on February 12, 2009, Ciavarella and his counsel were reported in the media as claiming there was no quid pro quo in having juveniles detained for monetary consideration to the defendant judge.

It was in this public environment that on July 24, 2009, the court received the pre-sentence report for Ciavarella, along with the confidential sentencing recommendation of the probation officer, that the court rejected Ciavarella's plea agreement in our memorandum on July

4

31, 2009, and which was followed by a memorandum denying a motion for reconsideration on August 24, 2009.

On August 2, 2009, two days after the plea rejection, a news article was published, which is the subject of the recusal motion. The article attributes a communication with myself outside the courtroom, a few minutes after leaving the courtroom on July 1, 2009, following the Powell guilty plea, some thirty-days earlier. It is remarkably significant that except for the brief opening paragraph, which said that the judge "dissected" the flawed logic of the former judges, the next reference says "Read . . . Kosik's order." Of course, at the plea of Powell there was no order. Following this reference, the entire article alluded to the July 31, 2009 memorandum and order rejecting the guilty pleas on the basis of matters in the pre-sentence reports, which did judicially "dissect" the defendant's logic. The article, in fairness to the reporter, attributes nothing to the judge's conversation. The article's sources were not extra-judicial, but as quoted from judicial filings.

We leave it to an objective reading of the transcript at Powell's guilty plea on July 1, 2009, to confirm that what appeared in the news article was in fact said at the public plea hearing, and that almost everything else in the article fairly and correctly reported the legal opinion of the court in the memorandum of July 31, 2009, rather than some off-hand sidebar disclosures following the plea of Powell on July 1, 2009; some thirty days before the reporter and his newspaper published his article on August 2, 2009.

Without the need for excessive elaboration, the district judge in <u>Washington v. Sobina</u>, 471 F. Supp. 2d 511, 515–16 (E.D. Pa. 2007), correctly discusses the analysis of recusal under § 455(a). The proponent of recusal must identify facts that might reasonably cause an objective observer to question the judge's impartiality. Quoting the Supreme Court of the United States, the court stated that "[j]udicial rulings alone almost never constitute a valid basis for bias or

5

partiality motions." Id. (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)).  Also relying on Liteky, the court in United States v. Bartoli, 40 F.3d 1384, 1412 (3d Cir. 1994), required the source of bias to be extrajudicial, that is, stemming from a source outside of the official proceedings.  In the case of In re United States, 666 F.2d 690, 695 (1st Cir. 1981), the court said: "Although public confidence may be as much shaken by publicized inferences of bias that are false as by those that are true, a judge considering whether to disqualify himself must ignore rumors, innuendos, and erroneous information published as fact in newspapers."

In conclusion, we do not wish to impugn the integrity of a news reporter.  However, we are experienced enough to understand that, at times, a reporter can be as much in error as a judge or baseball umpire.  To issue a recusal order takes little effort, which would result in welcomed relief.  Nevertheless, we find that based on the reasons for recusal assigned by the defense, recusal would be inappropriate.  The defense motion is denied.  SO ORDERED.

_____
Edwin M. Kosik
United States District Judge

Dated: July 6, 2010