FILED SCRANTON
MAY 14 2020
PER _____ DEPUTY CLERK

United States District Court
Middle District of Pa.- Scranton Division

United States of America

v.                                      3:09-CR-272-1

Michael T. Conahan                      Case Number - 3:CR09-272-01

In the United States District Court for the Middle District of Pa.,
Scranton Division - Emergency Motion for Compassionate
Release Pursuant to 18 U.S.C. § 3582 (c)(1)(A)

I. Factual and Procedural History

1) On Sept. 23, 2011 Mr. Conahan was sentenced by the late Honorable U.S. District Judge Edwin M. Kosik to be imprisoned for a total term of 210 months and 3 years of supervised release. This term is currently being served at the Miami Federal Prison Camp in Florida. Mr. Conahan has served 105 months of this sentence (8½ plus years)

2) The Petitioner, Michael T. Conahan ("Mr. Conahan"), Pro Se, respectfully moves this court to grant his motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), and order the remainder of his sentence to be served on home confinement or sentence reduced to time served. This motion should be granted due to the "extraordinary and compelling reasons," confronting the Federal Prison System by the COVID-19 pandemic in combination

with Mr Conahan's age of 68, not a danger to the public, with no violent past and is listed by the BOP medical staff as Chronic #2 with High Blood Pressure, heart issues, having suffered from Bellan Bare thus not able to take future flu shots. Mr Conahan is in grave danger of not only contracting the virus, but of dying from the virus. The chances are drastically heightened by his imprisonment and the close living conditions to which he is subject. He has no ability to socially distance or isolate himself since he is completely reliant on others for food and basic living essentials while on lock down, including but not limited to sanitary measures.

Mr Conahan has "extraordinary and compelling reasons" to have his sentence modified because of the great risk that COVID-19 poses to a person of his age with underlying health conditions. He is not a danger to the community and his release to Home Confinement or Sentence reduced to time served adheres to the mandates of Section 3553(a) particularly in light of the cataclysmic events of the current pandemic. I respectfully ask the Court to consider this Motion on an expedited basis as the risk to Mr Conahan's life multiplies exponentially with each passing day.

II. This Motion is properly before the Court - Waiver of the Exhaustion Requirement

Because of the urgency of the spread of COVID-19, Mr. Graham asks the Court to waive the thirty day period for any response by a warden of the Federal Bureau of Prisons (BOP) under 18 U.S.C. § 3582(c)(1)(A). On Dec 21, 2018 The First Step Act became law. Congress amended 18 USC § 3582 (c)(1)(A) to provide the sentencing judge jurisdiction to consider a defense motion for reduction of sentence based on "extraordinary and compelling reasons whenever the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf, or the lapse of 30 days from receipt of such a request by the warden of defendant's facility, whichever is earlier". First Step Act of 2018, § 603(b). Courts throughout the country have waived the administrative exhaustion requirement under the First Step Act where circumstances warrant. See Washington v BOP, No 1:19-cv-0166, 2019 WL 6355786 (N.D. Ohio July 3, 2019) that "the failure to exhaust administrative remedies may be excused if seeking administrative remedies would be futile". See also United States v Jones, 3:11 cr 249, ECF No 47, at 3 (E.D. Va. Apr 3, 2020), Judge Lauch waived the exhaustion requirements, stating, "Given Jones unique circumstances and the exigency of a rapidly advancing pandemic, requiring Jones to exhaust administrative remedies result in undue prejudice and render exhaustion

of the full BOP administrative process with futile and inadequate." The finding in Jones, that COVID-19 pandemic warrants waiver of exhaustion of administrative remedies in cases is well founded given all the available information.

Waiting 30 days to exhaust administrative remedies completely defeat the purpose of this emergency motion, which is seeking urgent relief. In these dire circumstances the Court should waive the administrative exhaustion requirement in §3582 and find Mr. Conklin has shown that waiver of the exhaustion requirement is justified.

III. Sentence Reduction Authority

This Court has authority to order Mr. Conklin immediate release to home detention or sentence reduced to time serve under the Compassionate Release Statute in 18 USC §3582(c)(1)(A)(i) as modified by the First Step Act. Section 3582(c)(1)(A)(i) state in relevant part that the Court "may reduce the term of imprisonment, after considering the factors set forth in [18 USC §3553(a)] to the extent they are applicable, if it finds that ... extraordinary and compelling reasons warrant such reduction." Mr. Conklin seeks relief under this catch all provision extraordinary or compelling reason. The unique health issue, his age, circumstances of this case and the simultaneous COVID-19 outbreak present a compelling and extraordinary circumstances

that warrant compassionate release for Mr. Conahan

Thus, Mr. Conahan moves this Court to order his immediate compassionate release and convert the remaining days of incarceration to additional days of Home Confinement or Sentence reduction to time served.

Respectfully Submitted
Mike Conahan

Certificate of Service

I hereby certify that the foregoing document was filed with the Clerk of Court - Scranton Division, and that the foregoing document has been served via U.S. Mail on the following on this day 3 of May, 2020

Mike Conahan

U.S. Atty Francis Sempa, U.S. Federal Court House, Washington Ave, Scranton, Pa

Assigned Judge for the late Honorable Judge Kosik, U.S. Federal Court House, Public Plaza, Scranton, Pa.

Certification and Personal Oath

I hereby certify that the above statements and accompanying written matters are true and correct to the best of my knowledge, information, and belief. I understand that any untrue statement or matters contained in this document may cause adverse action under the pains of penalties and perjury.

Respectfully submitted this 1 day May 2020

Mike Conahan # 15009-067
Federal Prison Camp
P.O. Box 779800
Miami, Florida 33177

## COSTOPOULOS, FOSTER & FIELDS
### ATTORNEYS AND COUNSELORS AT LAW

831 MARKET STREET
LEMOYNE, PENNSYLVANIA 17043-1518

WILLIAM C. COSTOPOULOS
DAVID J. FOSTER
LESLIE M. FIELDS
GEORGE H. MATANGOS
HEIDI F. EAKIN

TELEPHONE (717) 761-2121
FAX (717) 761-4031
WWW.COSTOPOULOS.COM

May 13, 2020

Clerk                                                                                              **via FedEx Overnight**
U.S. Courthouse
Federal Building
235 North Washington Avenue
Scranton, PA 18503

      RE:    United States of America v. Michael T. Conahan
              No. 3:09-CR-272-1

Dear Clerk:

      On behalf of the Defendant, Michael T. Conahan, we are forwarding for filing in the above-captioned matter the original and two (2) copies of his *pro se Emergency Motion for Compassionate Release*. A true and correct copy of the motion has been served on counsel for the Government this day by regular mail.

      Thank you for your attention to this *pro se* filing.

                                    Sincerely yours,

                                    William C. Costopoulos, Esquire

cc:    Fran Sempa, Assistant U.S. Attorney (w/ encl)

Encl.




